IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18CR367-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENDRELL SANDERS | ) | |
| _____ | ) | |
| PETITION OF BREANA M. HILL | ) | |

THIS MATTER is before the Court on the Government's Motion to Dismiss the Petition of Breana M. Hill on the grounds that the Petition is not signed under penalty of perjury. (Doc. No. 25). The Court finds good cause to grant the motion and finds as follows:

**I.     BACKGROUND**

On November 14, 2018, the Grand Jury returned an Indictment against Defendant Kendrell Sanders for possession of a firearm and possession of ammunition by a prohibited person. (Doc. No. 1). The Indictment contained a Grand Jury finding of probable cause for forfeiture of a Glock Model 43, .9 mm caliber pistol and Taurus Model 605, .357 Magnum revolver that Defendant unlawfully possessed, as described more fully in the sentencing materials in this case. On June 4, 2019, following a plea of guilty (Doc. No. 13) by Defendant, this Court issued a Consent Order and Judgment of Forfeiture (Doc. No. 20) for the Glock and Taurus.

On June 4, 2019, the United States sent direct notice of the Consent Order to Breana M. Hill, Defendant's girlfriend and the individual who, according to the investigation and sentencing record, apparently purchased the firearms with Defendant present. (Doc. No. 21). The form Notice that the United States sends in criminal forfeiture cases and sent to Ms. Hill is

attached as Exhibit 1 to the Government's Motion. The form Notice instructed potential petitioners like Ms. Hill on the legal requirements for filing a petition and the requirement to sign a petition under penalty of perjury. On June 28, 2019, Ms. Hill filed a pro se letter, which has been docketed as a Pro Se Claim by Breana Hill re: 20 Judgment of Forfeiture, in which she asks to receive "my firearms back." (Doc. No. 23). Ms. Hill did not sign the document under penalty of perjury.

## II. DISCUSSION

Pursuant to FED. R. CRIM. P. 32.2(c)(1)(A), "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Pursuant to 21 U.S.C. § 853(n)(3), a petition "shall be signed by the petitioner under penalty of perjury . . . ." Petitioner Hill did not sign her Petition under penalty of perjury.

Courts strictly construe the signature under penalty of perjury requirement as an important stop-gap to minimize the danger of false claims. United States v. Molina-Sanchez, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013); United States v. Loria, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009), *following* United States v. $487,825, 484 F.3d 662 (3d Cir. 2007); see also United States v. Wagner, 2017 WL 6513420, at *5 (E.D. Va. Dec. 19, 2017). Here, in light of the relationship of Petitioner to Defendant and their apparent involvement in purchasing firearms together even though Defendant was a felon, this penalty of perjury requirement is particularly important.

## III. CONCLUSION

**IT IS THEREFORE, ORDERED** that the Government's Motion to Dismiss the Petition of Breana M. Hill (Doc. 25) is **GRANTED** and the Petition is stricken and HEREBY

DISMISSED.

**SO ORDERED**.

Signed: September 3, 2019

Max O. Cogburn Jr.
United States District Judge